IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **RACHEL MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-01764-CLM |
| | ) | |
| **OLLIE'S BARGAIN** | ) | |
| **OUTLET, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.   Plaintiff's Amended Complaint Fails to Include Any Factual Basis to Support Either a Negligence or Wantonness Claim or Distinguish Between the Two**

**A. Insufficient Facts Are Pled to State a Plausible Negligence Claim**

Plaintiff's response fails to offer any legal support for a finding that either Count One or Two of Plaintiff's Amended Complaint contain enough factual support to state more than "a sheer possibility" that Defendant breached any duty to Plaintiff. Instead, her argument is that simply characterizing an industrial rubber floor mat as a "dangerous condition" is all that is necessary to satisfy the *Iqbal/Twombly* plausibility requirements. That is contrary to the authorities cited in Defendant's initial brief (Doc. 8) and herein.

Again, the allegations at issue are:

**Count I- Negligence**

"Plaintiff fell when Defendant created and improperly maintained a dangerous condition, specifically an industrial rubber floor mat… with actual or constructive knowledge that Defendant's premises was dangerously maintained and Defendant allowed said condition to be present without warning to the Plaintiff of the presence of the danger."

**Count II- Wantonness**

"Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition, specifically an industrial rubber floor mat,… and failing to cure or warn invitee of said dangerous condition…"

Plaintiff suggests that by simply saying she was a business invitee, she tripped and fell and describing a floor mat as "a dangerous condition" is enough to satisfy the plausibility standard. That position ignores the requirements under Alabama law to state a claim against a premises owner. Alabama Courts have repeatedly held that:

> The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care.

*Ex parte Mountain Top Indoor Flea Market, Inc.,* 699 So.2d 158, 161 (Ala. 1997). This duty does not, however, convert a premises owner into an insurer of its invitees' safety. Id. at 285 (citing *Hose v. Winn-Dixie Montgomery, Inc.*, 658 So.2d 403, 404 (Ala.1995)). Moreover, "the mere fact that a business invitee is injured

does not create a presumption of negligence on the part of the premises owner." Id. (emphasis added). "[A]s a threshold matter, a plaintiff must present substantial evidence that the cause of her injury was a defect in the premises." *Iguess v. Hyundai Motor Mfg., Ala., LLC*, No. 13-0237, 2014 U.S. Dist. LEXIS 54673, 2014 WL 1584480, at *3 (M.D. Ala. Apr. 21, 2014). See also, *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So.2d 83, 84 (Ala. 1992) (citing *Tice v. Tice*, 361 So.2d 1051 (Ala. 1978)). "The mere fact that an unfortunate injury occurred does not give rise to an inference that a dangerous condition existed." *Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88, 92 (Ala. Civ. App. 2011). Plaintiff must prove that her "fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; and that the defendant had or should have had notice of the defect before the time of the accident." *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992).

The above rule was noted in *Johnson v. Sears Roebuck & Co.*, 2018 U.S. Dist. LEXIS 92729 (N.D Ala. 2018) wherein summary judgment was granted due to the failure of plaintiff to establish a doorstop was defective:

> Under Alabama law, the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000). A defendant owes a business invitee the duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop v. South*, 642 So. 2d 442, 445 (Ala.

3

>  1994). A slip-and-fall plaintiff must show: (1) the injury was caused by a defective condition on the defendant's premises; and (2) the defendant knew or should have known of the defect. *Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88, 92 (Ala. Civ. App. 2011).

Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Absent inclusion of description of a condition with the floor mat that facially constitutes "hidden danger, trap, pitfall or the like" the fact a premises owner has a floor mat is not in and of itself a dangerous condition any more than having a wheel stop, a sidewalk or fixture, or even an automatic door striking the customer – there needs to be something more that makes it a hazard. See generally, *Nobles v Wal-Mart Stores, Inc.*, 2023 U.S. Dist. LEXIS 203665*; 2023 WL 7553917 (N.D. Ala. 2023); *Clayton v Kroger Corp*. 455 So. 2d. 844, 845 (Ala. 1984); *Foster v. Target Stores, Inc*. 2016 WL 3055017 (N. D. Ala. 2016); *Kmart Corp. v. Bassett,* 769 So. 2d 282 \*; 2000 Ala. LEXIS 151 \*\* (Ala. 2000).

**B.     Insufficient Facts are Pled to State a Plausible Wantonness Claim**

A comparison of the allegations in Counts One and Two reveals an absence of the pleading of any facts that distinguish between Plaintiff's negligence and wantonness claims.  They are only distinguished by the choice of boilerplate allegations. Plaintiff's Amended Complaint and response brief reflect a failure to

4

recognize that under Alabama law wantonness is "qualitatively different" than simple negligence; it "is not merely a higher degree of culpability than negligence." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007). Wantonness requires premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act. *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998).  It is "[t]he defendants' knowledge of a dangerous condition, prior to the accident, [that] is the most crucial element of wantonness."  *Johnson v. Investment Co. of the South*, 869 So. 2d 1156, 1168 (Ala. Civ. App. 2003) (quoting *Christian v. Kenneth Chandler Constr. Co.,* 658 So. 2d 408, 411 (Ala. 1995)).  Wantonness is about the "state of mind with which the act or omission is done or omitted," and it implies "knowledge" or "consciousness" that injury is likely. Id.; see also *Craft v. Triumph Logistics, Inc.,* 107 F. Supp. 3d 1218, 1220-21 (M.D. Ala. 2015) (discussing the definition) Plaintiff has not included in the Amended Complaint any facts indicating that Ollie's knew of any hazard or defect, nor is there any evidence that it was engaging in a practice that would likely or probably result in Plaintiff's alleged injuries. Other than simply the utilization of a floor mat, Plaintiff does not allege facts from which one could reasonably conclude without speculation that Ollie's created hazard or that it had, or should have had, notice of a hazard or defect prior to the incident.

5

No facts, only boilerplate allegations are asserted in Count II to make a wantonness claim plausible. As the Eleventh Circuit has explained, *Twombly / Iqbal* principles demand that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted). The allegations "must ... state a claim for relief that is plausible—and not merely possible—on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). Count Two of Plaintiff's Amended Complaint fails to include facts to support a wantonness claim that rise above the level of "mere possibility" and, thus, Count Two is due to be dismissed.

## II. Plaintiff is Not Entitled to Engage in Discovery BEFORE Satisfying the Requirements of *Iqbal* and *Twombly*

Plaintiff argues that "the surrounding circumstances of the incident is something that Plaintiff should be able to explore in discovery." (Doc. 11, p. 6) The Eleventh Circuit has repeatedly rejected the argument that a Plaintiff should be allowed an opportunity to conduct discovery before satisfying the requirements of *Iqbal* and *Twombly*. The rule in the Eleventh Circuit is that "discovery follows the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make

a case when his complaint has failed to state a claim." *Carter v. DeKalb County, Ga.*, 521 Fed.Appx. 725, 728 (11th Cir. 2013) (citation and internal quotation marks omitted). The Supreme Court has stressed that the Federal Rules of Civil Procedure do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," and that where a "respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 678-79 & 686. See also, *Franklin v. Curry*, 738 F.3d 1246, 1252 n.6 (11th Cir. 2013) ("Far from excusing her insufficient pleadings, this admission [that plaintiff does not know the factual details underlying her claims] only reinforces our conclusion that her complaint was due to be dismissed.") As stated by another Court, "Despite a lack of discovery … plaintiff must plead enough facts to state a claim to relief that is plausible on its face. ... She cannot use discovery to conduct a fishing expedition in hope that some fact supporting an allegation will be uncovered." *Rodriguez v. Quality Loan Serv. Corp.*, 2010 U.S. Dist. LEXIS 47556, 2010 WL 1644695, *2 (D. Ariz. Apr. 22, 2010)) (citation and internal quotation marks omitted).

## Conclusion

Wherefore, the above premises considered, Plaintiff's Amended Complaint is due to be dismissed as not including sufficient facts to satisfy the *Iqbal/Twomby* requirements.

        Respectfully submitted,

        Defendant,
        **OLLIE'S BARGAIN OUTLET, INC.**
        By its attorney,

        */s/ J. Allen Sydnor, Jr.*
        J. Allen Sydnor, Jr.  (ASB-6517-D55J)

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, Alabama 35243
Telephone (205) 251-1193
Facsimile (205) 251-1256
Email:  asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed a copy of the above and foregoing **Defendant Ollie's Bargain Outlet Inc.'s Reply Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint** with the Clerk of the Court using CM/ECF system which will send notification of such filing to those attorneys and/or I have placed a copy of the foregoing to attorneys/parties not set up for email notification via the United States mail, postage prepaid and properly address:

| | |
|---|---|
| Gregory R. Buchanan | Karl Dover |
| Slocumb Law Firm, LLC | Slocumb Law Firm, LLC |
| 145 E. Magnolia Ave., Ste 201 | 3500 Blue Lake Drive, Ste 450 |
| Auburn, AL 36830 | Birmingham, Al 35243 |
| gregb@slocumblaw.com | kdover@slocumblaw.com |

        */s/ J. Allen Sydnor, Jr.*
        J. Allen Sydnor, Jr.