UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **RACHEL MOORE**<br>    Plaintiff,<br>v.<br><br>**OLLIE'S BARGAIN OUTLET, INC.,**<br>    Defendant. | Case No. 1:23-cv-1764-CLM |

## MEMORANDUM OPINION

Rachel Moore ("Moore") slipped and fell at an Ollie's Bargain Outlet in Sylacauga and sues Ollie's for damages. (Doc. 6). Ollie's has moved to dismiss, arguing that Moore failed to sufficiently plead facts for her negligence and wantonness claims. Ollie's also moved to dismiss the fictitious defendants. (Docs. 7, 8). For the reasons stated below, the court **GRANTS IN PART AND DENIES IN PART** Ollie's' motion. (Doc. 7).

## BACKGROUND

1. <u>Factual Background</u>: Moore pleads these (and only these) facts in her amended complaint:

7. On or about November 30, 2021, Plaintiff was at the Defendant's location of Ollie's Bargain Outlet at 540 W Fort Williams St., Sylacauga, AL 35150, in Talladega County, Alabama.

8. At said time and place, Plaintiff was an invitee upon the premises of the Defendant in Talladega County, Alabama.

9. At said time and place, Plaintiff attempted to shop, as a normal patron, in the Defendant's store.

10. At said time and place, Defendant improperly maintained a dangerous condition, specifically an industrial rubber floor mat.

11. At said time and place, Plaintiff tripped and fell due to the dangerous condition of the industrial rubber floor mat, causing injury.

12. At said time and place, Defendant was responsible for the maintenance of the aforementioned location and industrial rubber floor mat.

(Doc. 6, pp. 2-3).

2. Procedural Background: Moore sued Ollie's in state court, and Ollie's removed it to this federal court. (Doc. 1). Ollie's promptly moved to dismiss or for a more definite statement, arguing that Moore failed to allege sufficient facts and only stated boilerplate legal conclusions in her complaint. (Docs. 3, 4). Moore amended her complaint and pleaded three counts: negligence (Count 1), wantonness (Count 2), and wrongful conduct of fictitious defendants (Count 3). (Doc. 6). Ollie's again moved to dismiss for the same reasons. (Docs. 7, 8).

## STANDARD OF REVIEW

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id*. The complaint's assertions must find support through further "factual enhancement." *Id*.

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court must "take the

factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted). A complaint states a facially plausible claim for relief when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard of plausibility asks for more than a "sheer possibility" that a defendant has acted unlawfully. *Id.*

"To satisfy the federal pleading standard established by Rule 8, the plaintiff's complaint must give a defendant fair notice not only of the claims asserted against them, but also of the factual grounds on which those claims rest." *Haynes v. Walmart, Inc.*, No. 1:21-CV-00265-CLM, 2021 WL 5811732, at *3 (N.D. Ala. Dec. 6, 2021) (citing *Twombly*, 550 U.S. at 555). "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 682 and *Twombly*, 550 U.S. at 567).

## DISCUSSION

**Count 1: Negligence**

In Count 1, Moore alleges that Ollie's had a dangerous floor mat that made her trip. But Moore never alleges what made the floor mat dangerous. Was it wet? Was it torn? Did it slip out from under Moore?

Again, these are the only facts that Moore pleads:

> 10. At said time and place, Defendant improperly maintained a dangerous condition, specifically an industrial rubber floor mat.
>
> 11. At said time and place, Plaintiff tripped and fell due to the dangerous condition of the industrial rubber floor mat, causing injury.

(Doc. 6, ¶¶ 10-12). And she pleads no more facts in Count 1 to explain what made the floor mat dangerous:

> 14. At said time and place, Plaintiff fell when Defendant created and improperly maintained a dangerous condition, specifically an industrial rubber floor mat, at 540 W Fort Williams St., Sylacauga, AL 35150 in Talladega County, Alabama, with actual or constructive knowledge that Defendant dangerously created and maintained said condition and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

(Doc. 6, ¶ 14). As discussed, these bare allegations cannot satisfy the pleading requirements set out in *Twombly* and *Iqbal*.

The court is sitting in diversity, so it applies Alabama law. Under Alabama law, "[i]n a premises-liability case, the elements of negligence are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Byrne v. Fisk*, No. SC-2022-0560, 2023 WL 3558245, at *2 (Ala. May 19, 2023) (internal quotation marks omitted) (quoting *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000)).

The court finds that Moore has sufficiently pleaded that Ollie's owed her a duty by alleging she was an invitee on Ollie's' premises which she says were dangerous.[1] But Moore pleads no facts that plausibly allege that Ollie's breached any duty owed to her or that the breach caused her injury. The most the court can plausibly infer from the amended complaint is that Ollie's had an industrial rubber floor mat somewhere in its store and that Moore tripped on it or because of it. But the court cannot infer *why* Moore tripped because Moore doesn't explain why. The court could infer many

---

[1] A landowner owes a "duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee." *Byrne*, 2023 WL 3558245, at *2 (quoting *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 98 (Ala. 2010)).

reasons: the floor mat was wet; or the mat was torn; or the mat was old and thus lost its traction. The court could also infer that nothing was wrong with the mat—at least nothing within Ollie's control—and Moore simply tripped on it.

Because Moore pleads no facts that would allow the court to infer that she tripped because of Ollie's negligence, rather than her own (or some other reason), the court must dismiss her negligence claim. *See Am. Dental Ass'n*, 605 F.3d at 1290; *see also Clayton v. Kroger Co.*, 455 So. 2d 844, 845 (Ala. 1984) (maintaining a floor mat in a store, without more, cannot establish negligence on the storeowner's part).

**Count II: Wantonness**

The court must dismiss Moore's second count (wantonness) for the same reason. Under Alabama law, "[w]antonness is '[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others.'" *Tutor v. Sines*, 380 So. 3d 1035, 1038 (Ala. 2023) (citing Ala. Code § 6-11-20(b)(3)). It requires "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* (emphasis omitted) (quoting *Lands v. Ward*, 349 So. 3d 219, 229 (Ala. 2021)). Again, Moore fails to plead facts that would prove what Ollie's did, or didn't do, to make the floor mat dangerous. So the court must dismiss Count 2.

—

In short, Moore must allege some facts to give Ollie's fair notice of the "factual grounds on which [her] claims rest"—*i.e.*, what made the floor mat dangerous. *Haynes*, 2021 WL 5811732, at *3. She cannot receive discovery until she does. *Iqbal*, 556 U.S. at 678. Because this is the first time the court has judged the sufficiency of Moore's pleadings, it will give Moore one more chance to amend her complaint to comply with the pleading standards set out in *Twombly* and *Iqbal* and this court's order.

5

**Count III: Acts of Fictitious Defendants**

In her last count, Moore alleges that other unknown persons contributed to her tripping on the floor mat. (Doc. 6, ¶¶ 23-24). But "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997)); *see* Fed. R. Civ. P. 10(a) ("Every pleading . . . must name all the parties . . . ."). "We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Ollie's argues the rule against fictitious party pleading requires the court to dismiss Count 3 (docs. 7, 8), which Moore does not dispute. So the court will dismiss Count III with prejudice.

## CONCLUSION

For the reasons stated within, the court **GRANTS IN PART AND DENIES IN PART** Ollie's' motion to dismiss. (Doc. 7). The court dismisses Counts 1 and 2 without prejudice and dismisses Count 3 with prejudice. Moore must amend her complaint by **August 28, 2024.** Failure to file an amended complaint by this deadline, or the failure to re-plead Moore's claims in compliance with the rules discussed above, will result in dismissal of this action.

The court **DIRECTS** the Clerk of Court to terminate the fictitious defendants from this case.

**DONE** and **ORDERED** on August 13, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE