UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **RACHEL MOORE**<br>    Plaintiff,<br>v.<br><br>**OLLIE'S BARGAIN OUTLET, INC.**,<br>    Defendant. | **Case No. 1:23-cv-1764-CLM** |

## MEMORANDUM OPINION

Rachel Moore ("Moore") slipped and fell at an Ollie's Bargain Outlet in Sylacauga and sues Ollie's for damages. (Doc. 6). In September 2024, the court granted Ollie's motion to dismiss Moore's claims, ordering Moore to file a second amended complaint. After Moore filed a Second Amended Complaint (doc. 15), Ollie's again moved to dismiss, arguing that Moore again failed to sufficiently plead facts for her negligence and wantonness claims. (Doc. 16). For the reasons stated below, the court **DENIES** Ollie's' motion to dismiss.

## BACKGROUND

1. <u>Factual Background</u>: The court previously dismissed Moore's claims because of an insufficient pleading of facts. In her Second Amended Complaint, Moore now pleads these facts:

> 6.    On or about November 30, 2021, Plaintiff was at the Defendant's location of Ollie's Bargain Outlet at 540 W Fort Williams St., Sylacauga, AL 35150, in Talladega County, Alabama.

> 7. At said time and place, Plaintiff was an invitee upon the premises of the Defendant in Talladega County, Alabama.
>
> 8. At said time and place, Plaintiff attempted to shop, as a normal patron, in the Defendant's store.
>
> 9. At said time and place, Defendant created and improperly maintained a dangerous condition by poorly positioning an industrial rubber floor mat over a gap in the floor causing the mat to be in an unsafe manner.
>
> 10. At said time and place, due to the poor placement of the industrial rubber floor mat, Plaintiff tripped as her foot was caught on a ridge of the mat and fell, causing injury.
>
> 11. At said time and place, Defendant was responsible for the maintenance of the aforementioned location and the industrial rubber floor mat.

(Doc. 15, pp. 2-3).

2. <u>Procedural Background</u>: Moore initially sued Ollie's in state court, and Ollie's removed it to this federal court. (Doc. 1). Ollie's promptly moved to dismiss or for a more definite statement, arguing that Moore failed to allege sufficient facts and only stated boilerplate legal conclusions in her complaint. (Docs. 3, 4). Moore amended her complaint and pleaded three counts: negligence (Count 1), wantonness (Count 2), and wrongful conduct of fictitious defendants (Count 3). (Doc. 6). Ollie's again moved to dismiss for the same reasons. (Docs. 7, 8). The court dismissed Counts 1 and 2 without prejudice and Count 3 with prejudice. (Doc. 13). The court instructed Moore to replead her remaining claims to comply with the pleading standards set out in *Twombly* and *Iqbal*.

Moore again amended her complaint, now pleading just two counts: negligence (Count 1) and wantonness (Count 2). (Doc. 15). Ollie's moves

to dismiss Moore's Second Amended Complaint for failure to allege sufficient facts to state a plausible claim. (Doc. 16).

## STANDARD OF REVIEW

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* The complaint's assertions must find support through further "factual enhancement." *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted). A complaint states a facially plausible claim for relief when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard of plausibility asks for more than a "sheer possibility" that a defendant has acted unlawfully. *Id.*

"To satisfy the federal pleading standard established by Rule 8, the plaintiff's complaint must give a defendant fair notice not only of the claims asserted against them, but also of the factual grounds on which those claims rest." *Haynes v. Walmart, Inc.*, No. 1:21-CV-00265-CLM, 2021 WL 5811732, at *3 (N.D. Ala. Dec. 6, 2021) (citing *Twombly*, 550 U.S. at 555). "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather

than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 682 and *Twombly*, 550 U.S. at 567).

## DISCUSSION

**Count I: Negligence**

In her last complaint, Moore simply alleged that "Defendant improperly maintained a dangerous condition, specifically an industrial rubber floor mat" and that she "tripped and fell due to the dangerous condition of the industrial rubber floor mat." (Doc. 13, p. 3) (quoting doc. 6, ¶¶ 10-11). The court found that, with these bare allegations, Moore failed to sufficiently "explain what made the floor mat dangerous" and thus failed to sufficiently plead that (a) Ollie's breached a duty that (b) injured her. *Id.*, p. 4.

In response, Moore now pleads what made the floor mat dangerous and how that hidden danger caused her fall:

> 9. At said time and place, Defendant created and improperly maintained a dangerous condition by poorly positioning an industrial rubber floor mat over a gap in the floor causing the mat to be in an unsafe manner.
>
> 10. At said time and place, due to the poor placement of the industrial rubber floor mat, Plaintiff tripped as her foot was caught on a ridge of the mat and fell, causing injury.
>
> 11. At said time and place, Defendant was responsible for the maintenance of the aforementioned location and the industrial rubber floor mat.

(Doc. 15, p. 3). The court finds that this addition satisfies the pleading requirements set out in *Twombly* and *Iqbal*. Assuming Moore's pleaded facts are true, Ollie's may have breached its duty to Moore by covering a

gap in the floor with a floor mat, which may have caused Moore to fall. So the court denies Ollie's motion to dismiss Count I.

**Count II: Wantonness**

The court will allow Moore's second count (wantonness) to proceed to discovery for the same reason. Under Alabama law, "[w]antonness is '[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others.'" *Tutor v. Sines*, 380 So. 3d 1035, 1038 (Ala. 2023) (citing Ala. Code § 6-11-20(b)(3)). It requires "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id.* (emphasis omitted) (quoting *Lands v. Ward*, 349 So. 3d 219, 229 (Ala. 2021)). If you view Moore's facts in a light most favorable to her, one could find that Ollie's recklessly or consciously disregarded the safety of others by consciously placing the floor mat in a way that posed a hidden danger to customers. So the court denies Ollie's motion to dismiss Count II.

## CONCLUSION

For the reasons stated within, the court **DENIES** Ollie's' motion to dismiss (doc. 16), meaning that discovery will commence on Counts I and II. The parties shall submit their Rule 26(f) report by July 31, 2025.

**DONE** and **ORDERED** on July 1, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE